In the Matter of the Application of JOSHUA D. BUDD, Respondent, for an Order of Mandamus against L. BARRON HILL, District Attorney of Suffolk County, and Another, Appellants.— The petitioner asked for an order of peremptory mandamus reinstating him in the position of investigator in the office of the district attorney of Suffolk county, from which he was removed on April 9, 1934. He alleges that he was permanently appointed to this position in August, 1932, and held the position until the time of his discharge, during which period he was paid his salary by the

county auditor upon certification by the State Civil Service Commission. This, he says, constitutes a permanent position from which he cannot be legally removed without charges under section 22 of the Civil Service Law on the ground that he is an exempt volunteer fireman. The district attorney made no return to the petition. The return of appellant, the county auditor, alleges that the appointment of the petitioner was only temporary; that a civil service list has now been prepared and went into effect on February 7, 1934; and that only an appointee from that list may have his pay legally certified and audited. A peremptory order of mandamus was granted directing the district attorney forthwith to reinstate the petitioner as investigator, place his name on the payroll as occupying such position from the 9th day of April, 1934, and certify him to the Civil Service Commission as holding said position; " and that you pay to the said petitioner  *  *  *  all the salary for such position as investigator from the 9th day of April, 1934, to the date of his actual reinstatement,  *  *  *  and the salary for such position that shall become due to him thereafter." Peremptory order of mandamus reversed on the law, without costs, and the matter remitted to Special Term to proceed as on an alternative order and determine the question of fact as to whether petitioner's appointment was permanent or temporary. Hagarty, Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., votes for reversal and denial of the motion, with the following memorandum: Petitioner never held by virtue of a permanent appointment. Continuance in service under temporary appointment may not ripen into a permanent place.